RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/14/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **HERMAN H. STEVENSON, III** | **DOCKET NO. 14-CV-0029, SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN CARVAJAL** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se Petitioner Herman H. Stevenson, III, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his 1996 conviction in the Eastern District of Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

On January 13, 1996, Petitioner was convicted by a jury in the Eastern District of Louisiana of two drug offenses and knowingly using and carrying a firearm during and in relation to drug offenses. He was sentenced to 235 concurrent months' imprisonment for each of the two drug counts and 60 consecutive months for the firearm count.

Petitioner has repeatedly filed unsuccessful §2255 and 2241 challenges on the grounds that he was illegally convicted of the firearm offense given the Supreme Court's interpretation of 18

U.S.C. §924(c)(1) in <u>Bailey v. United States</u>, 516 U.S. 137 (1995)(superceded by statute). In fact, after Petitioner filed four unsuccessful motions for authorization for leave to file a successive Section 2255 motion, the Fifth Circuit issued a sanction warning, cautioning Stevenson that frivolous, repetitive, or otherwise abusive filings may invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in the Fifth Circuit, or in any court under its jurisdiction. See <u>In re: Herman Stevenson, III</u>, 12-30869 (5th Cir. 11/07/12). Undeterred by the warning, Petitioner has now filed a habeas petition in this Court raising essentially the same claims as prior petitions and motions - that he is serving an illegal sentence after being convicted of a non-existent offense in 1996 based on the <u>Bailey</u> Court's interpretation of 18 U.S.C. §924.

### *Law and Analysis*

As Petitioner has been informed numerous times, a writ of habeas corpus filed under §2241 and a motion to vacate, set aside, or correct a sentence filed under §2255 are "distinct mechanisms for seeking post-conviction relief." <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. <u>See Tolliver v. Dobre</u>, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. <u>Id.</u> A petition filed under §2241 that attacks errors

that occurred at trial or sentencing should be dismissed or construed as a §2255 motion. See id. at 877-78.

Petitioner claims that §2255 is inadequate because of his counsel's failure "to legally test the legality of his detention" on appeal. Although "a section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective," Pock v. Yusuff, 218 F.3d at 452, this "savings clause" applies only to a claim that (1) is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The Fifth Circuit has made clear that "§2241 is not a mere substitute for §2255 and . . . the inadequacy or inefficacy requirement is stringent." Id. at 901; see also Pack v. Yusff, 218 F.3d at 452 (holding that the §2255 remedy may be found ineffective or inadequate "only in extremely limited circumstances"). Furthermore, the petitioner bears the burden of proving the inadequacy or ineffectiveness of a §2255 motion. Id.; Pack v. Yusuff, 218 F.3d at 452.

Neither a prior unsuccessful §2255 motion nor the inability to

3

meet §2244(b)(3)'s second or successive motion requirement renders §2255 inadequate or ineffective. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001). Indeed, "[a] ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior Section 2255 motion was unsuccessful or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions." <u>Pack v. Yusuff</u>, 218 F.3d at 453.

Although Stevenson seeks to file this petition under 28 U.S.C. §2241, he is raising claims that clearly challenge the validity of his federal conviction and sentence, which are more properly raised in a motion under §2255. See <u>Kinder v. Purdy</u>, 222 F.3d 209, 212 (5th Cir. 2000) (finding that although Petitioner characterized his claim as a challenge to the legality of his detention under §2241, he was actually challenging the manner in which his sentence was determined and the claim thus had to be raised in a motion under §2255). Petitioner admits that his claims were not foreclosed by circuit law at the time when the claims should have been raised in the trial, appeal, or first §2255 petition, and he does not identify a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense.

Moreover, to the extent that Petitioner's claim could be

construed as a motion under §2255, this Court would be without jurisdiction to do so. First, Petitioner was sentenced in the United States District Court for the Easter District of Louisiana; thus, See Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir. 1997)("Although a §2241 petition attacking matters within the province of §2255 should be construed as a §2255 petition, ... a court without jurisdiction to hear a §2255 petition can hardly be expected to do that."); Adesoye v. Batts, --- Fed.Appx. ----, 2014 WL 309197 (5th Cir.(Tex.) Jan 29, 2014)(NO. 13-10543)(citing Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987)). Second, Petitioner has previously filed a motion under §2255, has not demonstrated that his remedies under §2255 were inadequate, and has obtained permission to file a second or successive §2255 motion. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(finding that the Antiterrorism and Effective Death Penalty Act of 1996 requires dismissal of a second or successive petition unless the petitioner has obtained "leave from the court of appeals before filing a second habeas petition in the district court"). In fact, Petitioner has specifically been denied leave from the Fifth Circuit on numerous occasions.

### *Conclusion*

Therefore, for the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED for lack of jurisdiction.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 14th day of April, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE